UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
EDWIN ALGARIN

Plaintiff,

Civil Action No. 26-cv-2007

-against-

COMPLAINT

NEW YORK UNIFORM, INC., and
ALEKSANDR ABRAMOVICH,

Defendants.

-----------------------------------------------------------------------x

## NATURE OF THE ACTION

1 Plaintiff, Edwin Algarin, brings this action to recover unpaid wages, including overtime and spread of hour wages, for work he performed for Defendants from November 2020 through January 2025 (hereinafter "the relevant period"). Mr. Algarin was employed by Defendants to deliver uniforms and pick up laundry from Defendants' customers, and routinely worked over 14 hours a day Monday through Friday and an additional 14 hours on the weekend. Without regard to minimum wage and overtime laws or the wage he was promised pursuant to his union collective bargaining agreement, Defendants paid Mr. Algarin a weekly wage representing a fraction of the wages to which he was lawfully entitled.

2 Plaintiff seeks unpaid wages including promised, overtime, and spread of hours wages, as well as liquidated and other damages, interest and attorneys' fees for Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, New York Labor Law (NYLL) Articles 5, 6, and 19, and 12 N.Y.C.R.R. Part 142.

## JURISDICTION AND VENUE

3 This Court has jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391, because the conduct giving rise to the complaint took place in this judicial district. Furthermore, Plaintiff resides and, upon information and belief, Defendants have a principal place of business in this district.

## PARTIES

5. Plaintiff Edwin Algarin currently resides in Brooklyn, New York. Plaintiff worked for Defendants delivering uniforms and picking up laundry for Defendants' customers for over 23 years beginning in or before 2001 until he suffered an exhaustion attack and was terminated in February 2025.

6. Defendant New York Uniform Rental Inc. (hereinafter "New York Uniform") is a business corporation registered with the Secretary of State for the State of New York, The principal place of business for Defendant New York Uniform is 69-59 75th Street, Middle Village, NY 11379.

7. Defendant Aleksandr Abramovich, also known as Alex Abramovich, is the Chief Executive Officer of New York Uniform. Defendant Abramovich resides at 2540 Glen Drive, Bellmore, New York, 11710. Defendant Abramovich supervised Plaintiff and terminated Plaintiff's employment in February 2025. Defendant Abramovich was Plaintiff's employer since at least October, 2016.

**STATUTORY AND REGULATORY FRAMEWORK**

8. Congress passed the Fair Labor Standards Act ("FLSA") in 1938 in order to protect workers from substandard wages, oppressive working hours, and labor conditions detrimental to the maintenance of a minimum standard of living. The statute has both remedial and humanitarian purposes designed to protect human dignity.

9. The central provisions at the heart of the FLSA require employers to pay a minimum wage and overtime. 29 U.S.C. §206

10. Since July 25, 2008, the Federal minimum wage pursuant to the FLSA has been set at $7.25 per hour. 29 U.S.C. §206(a).

11. The FLSA requires employers to pay workers, unless otherwise provided in the FLSA, not less than one and one-half the regular hourly rate for their work in excess of forty hours per week. Under the FLSA, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. §207(a)(1).

12. FLSA defines "employer" to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. §203(d).

13. Employees under FLSA are any individuals employed by a covered employer. 29 USC § 203(e)(1).

14. Employers covered by the FLSA must make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment. 29 U.S.C. §§ 211(c) and 215(a).

15. Where an employer's violations of the FLSA are willful and intentional and where the employer has not made a good faith effort to comply with the FLSA, the employee will be entitled to recover his unpaid overtime wages and an equal amount in liquidated damages, prejudgment interest as well as reasonable attorney's fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

16. Under NYLL §652, the hourly minimum wage that New York City employers of 10 or fewer employees must provide to employees was $15.00 an hour between December 31, 2019 to January 1, 2024. The minimum hourly wage for employees of all New York City employers regardless of size was $16.00 from January 1, 2024 to January 1, 2025 and $16.50 from January 1, 2025 to January 1, 2026.

17. Under New York regulations, the employer must pay an employee an overtime wage of one and one-half times the employee's regular rate of pay. 12 N.Y.C.R.R. §142-2.2.

18. New York regulations also require the employer to pay employees who work more than ten consecutive hours one extra hour of pay at the hourly minimum wage. 12 N.Y.C.R.R. §142-2.4.

19. New York overtime requirements apply to all individuals who fall within its definition of "employee." Section 651(5) of the Labor Law defines "employee" for these purposes as "any individual employed or permitted to work by an employer in any occupation."

20. NYLL §191 mandates that workers 'be paid . . . in accordance with the agreed terms of employment.'" Thus, an employee must be paid at the agreed-upon rate, even if it exceeds minimum wage.

21. NYLL §190(3) defines an employee as "any person employed for hire by an employer in any employment."

22. NYLL §2 defines "employed" as "permitted or suffered to work."

23. New York Labor Law § 663 provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due." Section 651(5) of the New York Labor Law defines "employee" for these purposes as "any individual employed or permitted to work by an employer in any occupation."

24. NYLL §198(1-a) provides that an underpaid employee is entitled to recover in a civil action the total amount of the underpayment, costs, attorney fees, and prejudgment interest, plus, if the underpayment was willful (without a proven good faith basis to believe that the underpayment was in compliance with the law), additional liquidated damages equal to one hundred percent of the total underpayments due.

25. NYLL §195(3) provides that every employer shall furnish each employee with a statement with every payment of wages which must include, for all employees who are not

exempt from overtime, the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked.

26. NYLL §195(4) provides that every employer shall maintain and preserve contemporaneous and accurate records of hours worked each week, and for all employees who are not exempt from overtime compensation, the payroll records shall include the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of hours worked, and the number of overtime hours worked.

27. NYLL §198(1)(b) provides that for violations of NYLL §195, an employee is entitled to recover damages of $250 for each work day that the violations occurred or continued to occur, up to a maximum total of $5,000, plus costs, reasonable attorneys' fees, and any other relief that the Court in its discretion deems appropriate.

## FACTS

28. Defendants are in the business of renting and laundering work uniforms. Defendants regularly launder and rent uniforms to customers who reside within the State of New York.

29. Plaintiff Edwin Algarin was an employee of Defendants from at least 2001 until he was terminated in or about February, 2025. Mr. Algarin's main task was to drive a van, pick up soiled laundry from businesses and deliver it cleaned back to them. Mr. Algarin was a member of the NY Uniform Co. and Laundry, Distribution, and Food Service Joint Board Workers United, which is a union.

30. Mr. Algarin also collected between $500-$2,000 in cash and checks each day from the customers in payment for Defendants' services. There were approximately 10 employees working for Defendants during the relevant period. At least four of these employees,

other than the Plaintiff, were drivers who worked for Defendants at the same time as the Plaintiff and did substantially the same work as the Plaintiff during the relevant period. Upon information and belief, Defendants grossed between $12,500 and $70,000 in sales per week, totaling well over $500,000 in sales per year.

31. During the relevant period, except for approximately two to three weeks when he worked for another employer to whom the Defendants subcontracted out his routes, Mr. Algarin regularly worked for Defendants upwards of 14 hours a day from Monday to Friday. During approximately three out of four weekends throughout the relevant period, he also worked approximately seven hours a day each Saturday and Sunday. Mr. Algarin took no more than one 20- to 30-minute break each day that he worked. He rarely, if ever, took a day off, continuing to work even if he was sick and on all holidays. During the rare times that Mr. Algarin went to the doctor, he would work longer during the weekdays or weekends to make up for the time he was at the doctor.

32. During the relevant period, Defendants directed Mr. Algarin to begin work between 6 and 7 am and to continue to work until his delivery routes were completed. Mr. Algarin's delivery routes routinely took upwards of 14 hours to complete from Monday through Friday. He was normally unable to complete the assigned routes from Monday through Friday and thus often worked on Saturday and Sunday in order to complete his assigned work.

33. The Defendants subcontracted Mr. Algarin's routes out to another company for approximately two to three weeks which occurred, on information and belief, sometime during the relevant period prior to April, 2023. During that two- to three-week period, Mr. Algarin worked for a company called White Plains Linen. After returning to work for the Defendants, Mr. Algarin was assigned a four-day schedule. However, as before, he was unable to complete

the assigned work during the four days and ended up working upwards of 14 hours a day from Monday through Friday and approximately three out of four weekends on both Saturdays and Sundays approximately seven hours a day each weekend day.

34. Mr. Algarin's paychecks did not state the hours he worked. His paystubs classified him as salaried employee. The paystubs he still has indicate that he was paid $494.00 a week in 2021 and increased only to $704.00 a week by January 2025. The paystubs do not state his hourly pay, the number of hours he worked, or his overtime rate. Defendants failed to provide him with any notice, written or otherwise, of his hourly pay, the number of hours he worked, or his overtime rate.

35. Pursuant to his union contract, Mr. Algarin was promised at least $17.45 an hour beginning December 31, 2019, at least $19.45 an hour as of November 28, 2022 and $19.75 an hour as of December 4, 2023. In addition, under the contract he was entitled to a $.60 raise as of December 2, 2024, bringing his pay to at least $20.35 an hour. However, since Mr. Algarin was working at least 70 to 84 hours a week, he was making no more than $5.88 to $10.06 an hour for most of the hours that he worked during the relevant period. These rates are substantially below both the lawful minimum wage and the hourly rates promised to him under the union contract.

36. Despite working more than 40 hours every single week that he worked, Defendants never paid Mr. Algarin an overtime rate of time and a half his regular hourly rate.

37. Defendants also failed to pay Mr. Algarin his additional spread of hours wage of one extra hour at the minimum wage for each workday where over 10 consecutive hours were worked (spread of hours pay).

38. Mr. Algarin's overtime rate for all hours worked over forty from December 31, 2019 through November 27, 2022 should have been $26.175 based on 1.5 times the promised rate of $17.45 an hour.

39. The overtime rate for all hours worked over forty from November 28, 2022 through December 3, 2023 should have been $29.175 based on 1.5 times the promised rate of $19.45 an hour.

40. The overtime rate for all hours worked over forty from December 4, 2023 through December 2, 2024 should have been $29.625 based on 1.5 times the promised rate of $19.75 an hour.

41. The overtime rate for all hours worked over forty from December 2, 2024 through January 31, 2025 should have been $30.525 based on 1.5 times the promised rate of $20.35 an hour.

42. Defendants failed to provide Mr. Algarin with any notice of his pay rates or hours, which prevented him from being able to properly pursue his rights to get paid pursuant to federal and state labor laws.

43. Based on his Social Security earnings record, Mr. Algarin believes he received $137,392.33 from the Defendant during the relevant period.

44. Mr. Algarin believes he was underpaid at least $289,151.73 for his work during the relevant period. This total consists of the amount he should have been paid for the first 40 weekly hours at his promised rate, which totals $162,770; the amount he should have been paid for his weekly hours over 40, which totals $247,206.56; plus spread of hours pay, which totals $16,567.50 during the relevant period. The overtime pay owed of $247,206.56 was calculated by adding $201,427.50 (75% of the overtime pay owed for 84 hours of work each week -

$268,570.50) and $45,779.06 (25% of the overtime owed for 70 hours of work each week - $184,686.75). Altogether, Mr. Algarin should have been paid at least $426,544.06 but received approximately $137,392.33 during the relevant period, resulting in an underpayment of at least $289,151.73 in wages still owed to him.

**FIRST CLAIM FOR RELIEF**

**Unpaid Wages in Violation of FLSA**

45. Plaintiff realleges and incorporates by reference every allegation in all preceding paragraphs.

46. Upon information and belief, at all relevant times, Defendants were and continue to be employers within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and 206(a). Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.00 per year.

47. Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a). At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA, 29 U.S.C. §203.

48. Defendants failed to pay Plaintiff the statutory minimum wage for the hours he worked, in violation of the FLSA, 29 U.S.C. § 206(a).

49. Defendants' violations of the FLSA, as described herein, were willful and intentional. Defendants failed to make a good faith effort to comply with the FLSA with respect to the Plaintiff's compensation when they knew or should have known such was due and that failing to do so would financially injure Plaintiff. Plaintiff is entitled to recover from

Defendants, jointly and severally, amounts to be determined at trial for his unpaid minimum wages, an equal amount as liquidated damages, reasonable attorneys' fees, and the costs of the action, pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF

### Unpaid Overtime Wages in Violation of FLSA

50. Plaintiff realleges and incorporates by reference every allegation in all preceding paragraphs.

51. Upon information and belief, at all relevant times, Defendants were and continue to be employers within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and 207(a). Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.00 per year.

52. Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. § 207 (a). At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203.

53. Defendants failed to pay overtime wages of one and one-half times his regular rate of pay to Plaintiff for all weeks in which he worked in excess of forty hours in violation of the FLSA, 29 U.S.C. § 207.

54. Defendants' violations of the FLSA, as described herein, were willful and intentional. Defendants failed to make a good faith effort to comply with the FLSA with respect to the Plaintiff's compensation when they knew or should have known such was due and that failing to do so would financially injure Plaintiff. Plaintiff is entitled to recover from

Defendants, jointly and severally, amounts to be determined at trial for his unpaid overtime wages, an equal amount as liquidated damages, reasonable attorneys' fees, and the costs of the action, pursuant to 29 U.S.C. § 216(b).

## THIRD CLAIM FOR RELIEF

**Failure to pay the promised wage under New York Labor Law**

55. Plaintiff realleges and incorporates by reference every allegation in all preceding paragraphs.

56. Defendants are employers within the meaning of NYLL §190(3).

57. Defendants employed Plaintiff within the meaning of NYLL §2.

58. Defendants willfully failed to pay Mr. Algarin the wage promised to him by his union's collective bargaining agreement in violation of NYLL §191.

59. Pursuant to his union contract, Mr. Algarin was promised at least $17.45 an hour as of December 31, 2019, at least $19.45 an hour beginning November 28, 2022, and $19.75 an hour beginning December 4, 2023. In addition, Mr. Algarin was entitled to a $.60 hourly raise as of December 2, 2024, bringing his promised pay to at least $20.35 an hour.

60. Defendants paid the Plaintiff a flat salary that ranged from $494.00 a week in 2021 and increased only to $704.00 a week by January 2025. Since Mr. Algarin worked at least 70 to 84 hours a week, he was paid no more than $5.88 to $10.06 an hour for most of the relevant period.

61. Due to Defendants' willful failure to pay Mr. Algarin the wage promised to him by his union's collective bargaining agreement, Plaintiff is entitled to recover unpaid wages, an additional amount in liquidated damages equal to his unpaid wages, costs, reasonable attorneys' fees, and pre-as well as post-judgment interest. *See* NYLL §198(1-a).

**FOURTH CLAIM FOR RELIEF**

**Unpaid Minimum Wage Required by New York Labor Law**

62. Plaintiff realleges and incorporates by reference every allegation in all preceding paragraphs.

63. At all relevant times, Plaintiff was employed by Defendants within the meaning of NYLL §§ 2 and 651. Section 651(5) of the NYLL defines "employee" for these purposes as "any individual employed or permitted to work by an employer in any occupation."

64. New York Labor Law §663 provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due."

65. Defendants failed to pay Plaintiff the statutory minimum wage for the hours he worked, in violation of NYLL § 652.

66. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay him the required wages in the lawful amount for hours worked in violation of the NYLL.

67. Due to Defendants' NYLL violations, Plaintiff is entitled to recover unpaid wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of this action, pursuant to NYLL §§ 663(1) and 198.

**FIFTH CLAIM FOR RELIEF**

**Unpaid Overtime Wages under the New York Labor Law**

68. Plaintiff realleges and incorporates by reference every allegation in all preceding paragraphs.

69. New York overtime requirements apply to all individuals who fall within the relevant definition of "employee." Section 651(5) of the NYLL defines "employee" for these purposes as "any individual employed or permitted to work by an employer in any occupation."

70. 12 N.Y.C.R.R. §142-2.2 requires that “[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate.”

71. New York Labor Law §663 provides that “[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due.”

72. At all times relevant to this action, Defendants failed to pay Plaintiff one-and one-half times his regular hourly rate for all hours worked in excess of forty per work week, in violation of the NYLL and 12 N.Y.C.R.R. §142-2.2.

73. Defendants' failure to pay wages and overtime compensation to Plaintiff for work performed after the first 40 hours worked in a week was willful within the meaning of NYLL §663(1).

74. Plaintiff is entitled to recover unpaid overtime, an additional amount in liquidated damages equal to unpaid wages and overtime, costs, reasonable attorneys’ fees, and pre- as well as post-judgment interest. NYLL §§ 198(1-a), 663(1).

## SIXTH CLAIM FOR RELIEF

### Failure to Pay Spread of Hours Wages in Violation of the NYLL

75. Plaintiff realleges and incorporates by reference every allegation in all preceding paragraphs.

76. Defendants failed to pay Plaintiff an extra hour of pay at the basic minimum hourly wage rate for every day when Plaintiff's work day from start to finish was longer than ten hours, in violation of 12 N.Y.C.R.R. § 142-2.4.

77. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay him the required wages in the lawful amount for hours worked in violation of the NYLL.

78. Due to Defendants' NYLL violations, Plaintiff is entitled to unpaid wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1) and 198.

## SEVENTH CLAIM FOR RELIEF

### Failure to Provide Statements Required by New York Labor Law

79. Plaintiff realleges and incorporates by reference every allegation in all preceding paragraphs.

80. Defendants willfully failed to provide Plaintiff with a written notice of his wage rate and overtime eligibility, as required by NYLL § 195(1).

81. Defendants willfully failed to provide Plaintiff with statements, with every payment of wages, that included the actual hours Plaintiff worked and the rate of pay as required by NYLL § 195(3).

82. Defendants' failure to provide Mr. Algarin with any notice of his pay rates or hours prevented him from being able to properly pursue his rights to get paid pursuant to federal and state labor laws.

83. Plaintiff is entitled to $50 for each workday in which Defendants violated NYLL § 195(1), up to a maximum of $5,000. Plaintiff is similarly entitled to $250 for each workday Defendants violated NYLL § 195(3), up to a maximum of $5,000, plus costs, reasonable attorneys' fees, and any other relief that the Court in its discretion deems appropriate.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Award Plaintiff damages for unpaid wages including overtime wages due under the FLSA and an additional equal amount as liquidated damages because of Defendants' willful failure to pay;

(b) Award Plaintiff damages for unpaid wages including all promised, overtime and spread of hours wages under the NYLL and an additional equal amount as liquidated damages, pursuant to New York Labor Law § 663(1);

(c) Award Plaintiff $5,000 for Defendant's statement violations of NYLL §195(3);

(d) Award Plaintiff $5,000 for Defendant's statement violations of NYLL §195(1);

(e) Award Plaintiff pre- and post-judgment interest;

(f) Award Plaintiff the costs of this action together with reasonable attorney's fees pursuant to New York Labor Law § 663 and 29 U.S.C. § 216(b); and

(g) Grant such other and further relief as this Court deems necessary and proper.

Dated: October 30, 2026

Respectfully submitted,

Nicole Salk

BROOKLYN LEGAL SERVICES
Attorneys for Plaintiff
105 Court Street, 4th floor
Brooklyn, NY 11201
(718) 237-5544
NSalk@lsnyc.org

BY: Nicole Salk